OPINION — AG — ** SALES TAX — UNLAWFUL USE — UNCONSTITUTIONAL RESTRICTION ** (1) A MUNICIPALITY MAY 'NOT' LAWFULLY TAKE MONIES FROM ITS GENERAL FUND AND TURN THESE MONIES DIRECTLY OVER TO A PRIVATE GROUP SUCH AS A LOCAL CHAMBER OF COMMERCE, TO FUND SUCH PRIVATE ENTITY'S VARIOUS ACTIVITIES. A MUNICIPALITY MAY, HOWEVER, ENTER INTO A CONTRACT WITH A LOCAL CHAMBER OF COMMERCE TO PROVIDE SERVICES RELATED TO A PROPER GOVERNMENTAL PURPOSE CONSISTENT WITH THE PROVISIONS OF ARTICLE X, SECTION 14 AND ARTICLE X, SECTION 17 IF THE STATUTORY GUIDELINES FOR THE EXPENDITURE OF MUNICIPAL FUNDS SUCH AS THOSE FOUND IN 11 O.S. 17-101 [11-17-101] ET SEQ., AS AMENDED, THE MUNICIPAL BUDGET ACT, 11 O.S. 17-201 [11-17-201] ET SEQ., AS AMENDED, AND 68 O.S. 2489 [68-2489] ON ANNUAL APPROPRIATION OF FUNDS ARE FOLLOWED. (2) A MUNICIPALITY MAY `NOT' LAWFULLY AS THE VOTERS OF THE MUNICIPALITY TO INCREASE THE MUNICIPALITY'S SALES TAX RATE, IN AN ELECTION HELD FOR SUCH PURPOSE, WITH THE MUNICIPALITY HAVING EARMARKED A PORTION OF THE SALES TAX REVENUE TO BE DIRECTLY TURNED OVER TO A PRIVATE ENTITY SUCH AS A LOCAL CHAMBER OF COMMERCE. A MUNICIPALITY MAY, HOWEVER, ASK THE VOTERS OF A MUNICIPALITY TO INCREASE THE MUNICIPALITY'S SALES TAX RATE WHERE A A PORTION OF THE SALES TAX REVENUE WOULD BE USED FOR ECONOMIC DEVELOPMENT OR OTHER GOVERNMENT PURPOSE. IN DOING DO, THE MUNICIPALITY WOULD BE REQUIRED TO FOLLOW THE DICTATES OF 68 O.S. 2701 [68-2701] TO 68 O.S. 2706 [68-2706], AS AMENDED, AND WOULD FURTHER BE REQUIRED TO PLACE REVENUE FROM THE SALES TAX INTO THE GENERAL FUND OF THE MUNICIPALITY. FINALLY, THE MUNICIPALITY WOULD BE REQUIRED TO ANNUALLY APPROPRIATE SAID FUNDS PURSUANT TO 68 O.S. 2489 [68-2489] TO SUPPORT A PROPER GOVERNMENTAL PURPOSE. ************************** (3) IT WOULD BE LEGAL FOR THE GOVERNING BODY OF A MUNICIPALITY TO EXPEND FEDERAL REVENUE SHARING FUNDS RECEIVING PURSUANT TO31 U.S.C.A. 6701 ET SEQ., TO FINANCE THE OPERATIONS OF A LOCAL SENIOR CITIZEN CENTER, SUCH CENTER TO BE OPERATED BY A PRIVATE NON PROFIT CORPORATION, PURSUANT TO A CONTRACT WITH THE PRIVATE NONPROFIT CORPORATION IF THE ACTIVITIES TO BE FUNDED WERE FOR A PROPER PUBLIC OR GOVERNMENTAL PURPOSE CONSISTENT WITH ARTICLE X, SECTION 14, ARTICLE X, SECTION 17 . IN SUCH EVENT, THE MUNICIPALITY WOULD BE REQUIRED TO FOLLOW ALL OF THE REQUIREMENTS ON MUNICIPAL EXPENDITURE OF FUNDS SET FORTH IN THE ANSWER TO QUESTION(1) ABOVE, AND THE REQUIREMENTS OF THE FEDERAL REVENUE SHARING ACT. ***** (4) WHETHER THE PUBLIC COMPETITIVE BIDDING ACT OF 1974, AS AMENDED, 61 O.S. 101 [61-101] TO 61 O.S. 136 [61-136] IS APPLICABLE TO A MUNICIPALITY IS A QUESTION OF FACT. IN REGARD TO A HOME RULE CHARTER MUNICIPALITY, THE APPLICABILITY OF THE ACT IS DEPENDENT UPON A RESOLUTION OF POTENTIAL CONFLICTS BETWEEN THAT STATE LAW AND MUNICIPAL CHARTER PROVISIONS DEALING WITH AWARDING CONTRACTS FOR PUBLIC CONSTRUCTION OR IMPROVEMENTS AND A DETERMINATION OF WHETHER SUCH CHARTER PROVISIONS CONCERN PURELY MUNICIPAL AFFAIRS OR AFFECT A WIDER STATE INTEREST. IN REGARD TO A CITY OR TOWN THAT IS NOT A HOME RULE CHARTER MUNICIPALITY, THE APPLICABILITY OF THE ACT IS DEPENDENT UPON A RESOLUTION OF WHETHER SUCH A MUNICIPALITY, BY ORDINANCE, HAS PROVIDED FOR STRICTER COMPETITIVE BIDDING PROCEDURES THAN REQUIRED BY THE ACT. IF AN ORDINANCE WITH STRICTER PROCEDURES EXISTS, THE PROVISIONS OF THE ORDINANCE WOULD HAVE TO BE FOLLOWED. IN ALL OTHER CASES, THE PROCEDURES OUTLINED IN THE ACT WOULD BE MANDATED. FURTHER, IN THOSE SITUATIONS INVOLVING SERVICE CONTRACTS OR CONTRACTS FOR THE SALE OR LEASE OF GOODS TO THE MUNICIPALITY THAT DO NOT INVOLVE PUBLIC CONSTRUCTION OR IMPROVEMENT CONTRACTS UNDER THE PUBLIC COMPETITIVE BIDDING ACT, MANY MUNICIPALITIES MAY HAVE ENACTED, BY CHARTER PROVISION OR OTHERWISE, COMPETITIVE BIDDING PROCEDURES WHICH WOULD HAVE TO BE FOLLOWED IN THE AWARDING OF ANY SUCH CONTRACT. WHETHER ANY SUCH MUNICIPAL COMPETITIVE BIDDING PROCEDURES EXIST WOULD BE A QUESTION OF FACT THAT COULD BE DETERMINED ONLY AFTER REVIEWING THE CHARTER PROVISIONS OR ORDINANCES OF THE PARTICULAR MUNICIPALITY. (FEDERAL REVENUE SHARING PROGRAM, ACT, CITY CITE: 11 O.S. 17-101 [11-17-101], 11 O.S. 17-201 [11-17-201], 11 O.S. 22-101 [11-22-101], 11 O.S. 33-101 [11-33-101] TO 11 O.S. 33-115 [11-33-115], 61 O.S. 102 [61-102](3), 61 O.S. 102 [61-102](4), 61 O.S. 102 [61-102](5), 61 O.S. 133 [61-133], 68 O.S. 2489 [68-2489], OPINION NO. 80-006, OPINION NO. 81-130, OPINION NO. 81-139, OPINION NO. 81-184, OPINION NO. 86-071, ARTICLE X, SECTION 15, 31 U.S.C.A. 1243(A), 31 U.S.C.A. 1243(A)(4),31 U.S.C.A. 6701, 31 U.S.C.A. 6704(A)(3), 31 U.S.C.A. 6716
(FEDERAL REVENUE SHARING ACT) (JOHN GALOWITCH) SEE: OPINION NO. 92-542 (1992) ** SEE OPINION NO. 92-557 (1992) ** SEE: OPINION NO. 89-501 (1989) ** ** SEE OPINION NO. 88-523 (1988) ** SEE OPINION NO. 88-584 (1988)